**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

SHOPNOMIX, LLC,

                                    Plaintiff,

                    -against-

VINAY GANTI,

                                    Defendant.
------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2026
```

**25-CV-8403 (ALC) (KHP)**

**POST-CONFERENCE ORDER**

On January 8, 2026, the parties in the above-captioned case appeared before the undersigned for an Initial Case Management Conference.  After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Discovery.**   The deadline to complete all fact and expert discovery is **November 13, 2026**.  As noted on the record, extensions are unlikely to be granted given the length of the initial discovery schedule.  The parties are also directed to adhere to the Court's instructions regarding the informal exchange of information as set forth on the record.  Finally, the parties' initial set of document demands must be served by **January 30, 2026**.

**Discovery Disputes.**  The parties shall follow the Court's Individual Procedures with respect to any discovery disputes.  *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes

regarding overbreadth and specificity of requests and responses.  A failure to comply with this responsibility carries serious consequences.  Requests for any and all documents on a broad topic are presumptively improper.  Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Status Update.**  In lieu of scheduling a case management conference, the parties shall file a status letter by **February 5, 2026** informing the Court on the status discovery and, if applicable, requesting a settlement conference or Court ordered mediation .

**Consent.**  The parties are reminded that they have the option to consent to conduct all proceedings, including a trial, before the undersigned pursuant to 28 U.S.C. § 636(c).  If all parties consent, they shall complete and file the Consent form available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.  This Order is not meant to interfere in any way with the parties' absolute right to have dispositive motions and/or a trial before a United States District Judge, but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

**SO ORDERED.**

DATED:    New York, New York
          January 8, 2026

KATHARINE H. PARKER
United States Magistrate Judge