USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/20/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

SHOPNOMIX, LLC,

Plaintiff,

-against-

VINAY GANTI,

Defendant.

-----------------------------------------------------------------X

**25-CV-8403 (ALC) (KHP)**

**OPINION AND ORDER ON MOTION TO QUASH**

**KATHARINE H. PARKER, United States Magistrate Judge:**

This action arises from allegations that Defendant Vinay Ganti ("Ganti") improperly accessed and misused confidential information belonging to his former employer, Plaintiff Shopnomix, LLC ("Plaintiff" or "Shopnomix"), a performance-marketing platform. Ganti previously served as Shopnomix's Senior Vice President for Partnerships and Demand and Shopnomix alleges that, several months after his employment ended, Ganti used a passkey to access the company's Google Drive on multiple occasions between January and April 2025, downloaded files containing trade secrets and other confidential business information, and disclosed certain information to Shopnomix's competitors, including nonparty Monay, LLC ("Monay"), all in violation of his contractual obligations.

On April 29, 2026, Shopnomix served Monay with a subpoena seeking the production of, among other things, certain documents relating to Ganti's communications with former and current Monay executives. On June 24, 2026, Monay moved to quash the subpoena, arguing that the subpoena seeks privileged and confidential materials, imposes an undue burden, is overbroad, requests documents that are irrelevant, (ECF No. 37 p. 1), and in any event, designated an improper place of compliance under Federal Rule of Civil Procedure 45(c)(2)(A)

and is therefore procedurally defective. (ECF No. 37; ECF No. 37-2 p. 1) Shopnomix filed an opposition on July 8, 2026, addressing Monay's substantive objections but failing to respond to its argument concerning the improper place of compliance. (ECF No. 42) On July 20, 2026, the Court heard oral argument from the Parties and Monay regarding the motion to quash. For the reasons set forth below, the motion is GRANTED, and the subpoena is QUASHED without prejudice to Shopnomix serving a new subpoena that complies with Rule 45 in the proper place of compliance.

## LEGAL STANDARD

Rule 45 states, in relevant part:

> A subpoena may command: production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.

Fed. R. Civ. P. 45(c)(2)(A). And under Rule 45(d)(3)(A), the court for the district where compliance is required must quash or modify a subpoena that fails to comply with Rule 45(c). Under Rule 45(d), the subpoena recipient may move to quash or modify the subpoena if the subpoena requires compliance outside the geographical limits specified in Rule 45(c) or requires disclosure of privileged or other protected matter. Fed. R. Civ. P. 45(d)(3)(A)(ii)–(iii). "The decision whether to grant or deny a motion to quash is left to the sound discretion of the district court." *Marshall Project, Inc. v. City of Cleveland*, No. 24 Misc. 309 (VEC), 2024 WL 4589667, at *2 (S.D.N.Y. Oct. 28, 2024) (citing *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012)).

For a nonparty LLC, compliance is required at or within 100 miles of the entity's headquarters or principal place of business – not at a location unilaterally designated by the subpoenaing party. *See Marshall Project, Inc.,* 2024 WL 4589667, at *2 ("[C]ourts in the Second Circuit tend to hold that compliance occurs at the residence of the non-party," therefore "the party issuing a subpoena to a non-party entity can require compliance only in the district in which the entity is headquartered or at a place within 100 miles of the entity's headquarters."); *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) ("[D]espite Google having an office in Venice, the proper district to hear a motion to compel is where Google is headquartered.").

**DISCUSSION**

Here, the subpoena designates Wilmington, Delaware, as the place of compliance. While Monay is incorporated in the state of Delaware, it does not "maintain offices, employ persons, or regularly transact business in person within 100 miles of Wilmington, Delaware." (ECF No. 37-2 p. 1) Accordingly, the "place of compliance" is more than 100 miles from the Southern District of New York and, the proper place of compliance for Shopnomix's subpoena, is in a court 100 miles from Monay's headquarters in California. The nonparty's interests are protected by having the court in which compliance is required – in this case, the California court – handle disputes over compliance. *See* Fed. R. Civ. P. 45 Advisory Committee's Note to 2013 Amendments ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the

requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required under Rule 45(c).").

**CONCLUSION**

For the reasons stated more fully on the record, Monay's motion to quash is GRANTED, without prejudice to Shopnomix serving a renewed subpoena that complies with Rule 45. The Parties and Monay are encouraged to meet and confer in good faith regarding the scope of any renewed subpoena in an effort to resolve their disputes obviating the need for further motion practice.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 37.**

**SO ORDERED.**

DATED: New York, New York
July 20, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge