USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/20/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

SHOPNOMIX, LLC,

Plaintiff,

-against-

VINAY GANTI,

Defendant.

---------------------------------------------------------------X

**25-CV-8403 (ALC) (KHP)**

**OPINION AND ORDER ON MOTION TO SEAL**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On June 24, 2026, non party Monay, LLC ("Monay") moved to quash a subpoena served by Plaintiff, Shopnomix, LLC ("Plaintiff" or "Shopnomix"). (ECF No 37) Shopnomix filed its opposition to the motion on July 8, 2026, and in connection with the motion, filed exhibits in support of its position that it is now seeking to redact. The instant motion to seal is unopposed. For the following reasons, Shopnomix's motion to seal is DENIED without prejudice to renewal.

**LEGAL STANDARD**

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted). A document is judicial if it "would reasonably

have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). However, "the right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

**DISCUSSION**

As a threshold matter, Shopnomix does not dispute that that the documents at issue are "judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 126. The question, therefore, is whether the requested redactions and sealings are narrowly tailored such that sealing would not offend the right to public access. *In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.").

The proposed redactions concern "confidential business information of Shopnomix (which Shopnomix also alleges were trade secrets) that was unlawfully taken by Ganti and then shared by him with third parties, including Monay." (ECF No. 37 p. 2) Specifically, the proposed redactions target only confidential customer names and contact information. Shopnomix argues that "the redactions do not obscure the substantive evidence necessary to understand Plaintiff's arguments." (*Id.*)

Before a court will seal customer information on trade secret grounds, it must find that the information qualifies as a trade secret. *Defiance Button Mach. Co. v. C & C Metal Prods. Corp*., 759 F.2d 1053, 1063 (2d Cir. 1985) ("A customer list developed by a business through substantial effort and kept in confidence may be treated as a trade secret and protected at the owner's instance against disclosure to a competitor, provided the information it contains is not otherwise readily ascertainable.") And in order to find that particular information qualifies as a trade secret, the party seeking sealing, must provide sufficient information such that the court

may make an on the record finding that (1) the customer information was compiled through substantial effort and expense, (2) measures were taken to maintain its confidentiality (e.g., confidentiality agreements, access restrictions), and (3) the information is not readily ascertainable from public source. *In re New York Times Co.,* 828 F.2d at 116; *Defiance Button Mach. Co.,* 759 F.2d at 1063.

Though Shopnomix's proposed redactions are narrow and it has made a showing that the information at issue was scrupulously protected, it provides no information suggesting that its customers were "developed through a substantial effort or expense," or that the "information [ ] is not otherwise readily ascertainable." While courts have granted motions to seal in connection with the identity of a business's customers, they have done so only with a corresponding showing. *See e.g., L.I. City Ventures v. Urb. Compass, Inc.*, No. 18 Civ. 5853 (PGG), 2019 WL 234030, at *2 n.2 (S.D.N.Y. Jan. 16, 2019) (granting motion to seal customer information based on a representation from the moving party that "the customer lists which are attached to the Supplemental Declaration ... contain certain confidential information about Plaintiff's clients including such information as clients' budgets as well as other confidential mortgage information which is not obtainable through public sources."). Mere conclusory allegations that there is good cause to redact or that the information constitutes confidential business information or trade secrets will not suffice. Accordingly, Shopnomix's motion is DENIED without prejudice to renewing the motion and providing the Court with sufficient information to decide that the customer information at issue was compiled through substantial effort and that the information is not readily ascertainable from a public source.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to seal is DENIED. To the extent Shopnomix continues to seek sealing of the information at issue, it may file a renewed motion by **July 27, 2026**, specifically explaining why its customers' identities qualify as trade secrets and warrant sealing under the applicable legal standard. The documents shall remain under seal pending the Court's resolution of any renewed motion. If Shopnomix does not file a renewed motion by that date, the documents will be unsealed.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 40.**

**SO ORDERED.**

Dated: July 20, 2026
New York, New York

Katharine H Parker
_______________________________
KATHARINE H. PARKER
United States Magistrate Judge