USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SHOPNOMIX, LLC,

Plaintiff,

-against-

VINAY GANTI,

Defendant.
------------------------------------------------------------------X

**25-CV-8403 (ALC) (KHP)**

**OPINION AND ORDER ON MOTION TO SEAL**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On June 24, 2026, non party Monay, LLC ("Monay") moved to quash a subpoena served by Plaintiff, Shopnomix, LLC ("Plaintiff" or "Shopnomix"). (ECF No 37) Shopnomix filed its opposition to the motion on July 8, 2026, and in connection with the motion, filed exhibits in support of its position that it sought to redact. The Court denied the motion to seal without prejudice on the grounds that Shopnomix did not provide the Court with a sufficient basis to make an on the record determination that sealing was warranted to preserve higher values. On July 27, 2026, Shopnomix filed a new motion, compliant with the Court's instructions, articulating with detail why the information it seeks redactions on qualifies as trade secrets or confidential business information and warrants sealing under the applicable legal standard. The instant motion to seal is unopposed. For the following reasons, Shopnomix's motion to seal is GRANTED.

**LEGAL STANDARD**

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v.*

*Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted). A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). However, "the right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id.* (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting

*United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

**DISCUSSION**

Before a court will seal customer information on trade secret grounds, it must find that the information qualifies as a trade secret. *Defiance Button Mach. Co. v. C & C Metal Prods. Corp*., 759 F.2d 1053, 1063 (2d Cir. 1985) ("A customer list developed by a business through substantial effort and kept in confidence may be treated as a trade secret and protected at the owner's instance against disclosure to a competitor, provided the information it contains is not otherwise readily ascertainable.") And in order to find that particular information qualifies as a trade secret, the party seeking sealing, must provide sufficient information such that the court may make an on the record finding that (1) the customer information was compiled through substantial effort and expense, (2) measures were taken to maintain its confidentiality (e.g., confidentiality agreements, access restrictions), and (3) the information is not readily ascertainable from public source. *In re New York Times Co.,* 828 F.2d at 116; *Defiance Button Mach. Co.,* 759 F.2d at 1063.

As the Court previously found, Shopnomix's proposed redactions are narrow and it has made a showing that the information at issue was scrupulously protected. It has now made a sufficient showing that its customers were "developed through a substantial effort or expense," and that the "information [ ] is not otherwise readily ascertainable." Shopnomix has

represented that its customer relationships were obtained "only through years of research, diligent effort, and significant expense, including but not limited to paying for Shopnomix personnel to travel worldwide to industry conferences in order to build in-person relationships with key employees of publishers, advertisers, and affiliate networks." (ECF No. 48-1 ¶¶ 4-5) Shopnomix also represents that it closely guards the identities of its customers including by executing "mutual non-disclosure agreements" and "restrictive covenants," and by employing "an internal computer system" to restrict certain employee access. (*Id.* ¶¶ 6-9) By making the above showings, Shopnomix has cured the deficiencies identified by the Court in its prior motion. Accordingly, the Court finds that the proposed redactions are warranted.

**CONCLUSION**

For the foregoing reasons, Shopnomix's motion to seal is GRANTED. The parties are reminded that because the redacted documents were filed in connection with a discovery dispute, the presumption of access is "somewhat lower" than if they had been filed in connection with a dispositive motion. *Brown v. Maxwell*, 929 F.3d 41, 20 (2d Cir. 2019). Therefore, in the event the same documents are submitted in connection with such a dispositive motion, sealing may not apply.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 48 and maintain the unredacted documents at ECF Nos. 41 – 41-3 under seal.**

**SO ORDERED.**

Dated: July 29, 2026
New York, New York

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge