USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

SHOPNOMIX, LLC,

Plaintiff,

-against-

VINAY GANTI,

Defendant.

-----------------------------------------------------------------X

**25-CV-8403 (ALC) (KHP)**

**OPINION AND ORDER**
**ON**
**MOTION FOR RECONSIDERATION**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On June 24, 2026 nonparty Monay LLC ("Monay") filed a motion to quash the subpoena Plaintiff Shopnomix, LLC ("Shopnomix") served on Monay on April 29, 2026. At the July 20, 2026 Case Management Conference, the Court granted the motion on the record, without prejudice to Shopnomix re-serving the subpoena after an additional meet and confer. The Court memorialized the Order in an Opinion entered that same day. (ECF No. 46) In lieu of meeting with Monay to discuss narrowing the scope of the subpoena and subsequently re-serving it, Shopnomix has filed a motion for reconsideration now before the Court. On August 10, 2026, Monay filed a memorandum in opposition to the motion. For the following reasons, Shopnomix's motion is DENIED.

**LEGAL STANDARD**

A motion for reconsideration is governed by Federal Rule of Civil Procedure ("Rule") 59(e) and Local Rule 6.3. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal citation and quotation marks omitted). The Second Circuit has held that the standard for granting a motion

to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is also justified where the moving party demonstrates "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). The standard aims to prevent a losing party from "plugging the gaps of a lost motion with additional matters." *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). In other words, a Motion for Reconsideration is not an opportunity for the moving party to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**DISCUSSION**

Plaintiff has not established an adequate basis for reconsideration. As a threshold matter, Shopnomix does not assert that the Court has misapplied the legal standard or overlooked controlling authority on the issue. Rather, its motion rests principally on the contention that the Court proceeded from a mistaken understanding of the record when it concluded that the subpoena's place of compliance remained an issue. Not so. Though Shopnomix is correct that Monay's written motion to quash did not identify improper place of

compliance among the four principal grounds for relief set out in that motion, the broader record shows that the objection remained an active part of the dispute. For one, Monay's May 11, 2026 letter expressly identified "Place of Compliance" as a threshold issue, stated that Monay maintained its principal place of business in California and lacked the requisite connection to Wilmington, Delaware, and asserted that the subpoena exceeded Rule 45(c)'s geographic limits. Monay's position was and continues to be that the subpoena was defective on that basis and should be withdrawn. Monay's objections to the subpoena reflect as much. Shopnomix thereafter responded that Monay could, if it preferred, produce documents at counsel's San Francisco or Walnut Creek offices. But the present record does not establish that Monay accepted Shopnomix's proposal as a modification of the subpoena, withdrew its Rule 45 objection, or otherwise agreed that the originally designated place of compliance ceased to present an issue.

Critically, the proceedings at the July 20, 2026 conference wholly undermine Shopnomix's contention that the Court resolved the motion based on an issue that was neither raised nor fairly presented. (ECF No. 51-1) Before addressing Monay's substantive objections, the Court specifically questioned whether the subpoena complied with Rule 45 and whether a court in California, rather than this Court, should address enforcement in the first instance. (*Id.* at 12:21–13:1) Neither Monay nor Shopnomix represented that the Rule 45 issue was resolved during meet and confer and that the improper place of service issue need not be resolved by the Court. Quite the opposite. Monay responded that its written objections had identified the place of compliance defect at the outset and that the issue was indeed live. (*Id.* at 13:15-24)

Shopnomix's counsel initially asserted waiver in response, but, after Monay directed the Court to the written objection, counsel acknowledged that the objection had in fact been made. (*Id.* at 13:25) The Court then discussed the consequences of the Rule 45 issue with the parties and raised the possibility that Shopnomix could cure the problem by serving a new subpoena in the proper manner. (*Id.* at 14:9–15:3) The Court then issued a ruling granting the motion on the record and later memorialized that ruling in a separate written opinion. (*Id.* at 21:12-21) The issue was therefore not silently imported into the Court's ruling from an exhibit that neither side had addressed. Whatever ambiguity may have existed before the hearing as to whether Monay continued to press the objection, that ambiguity was clarified before the Court ruled, and Shopnomix had an opportunity to address it then and there.

Shopnomix's reasserted waiver argument does not compel a different result on reconsideration. Shopnomix relies on authority recognizing that certain defects associated with subpoenas may be waived when they are not timely asserted, and it emphasizes that Monay omitted place of compliance from the grounds presented in its Motion to Quash. However, Monay asserted the geographic defect in its written objections and May 11 letter. It never formally withdrew that position, and again, relied upon the procedural argument to the exclusion of all other grounds for quashing the subpoena when the Court raised the matter at the hearing. More importantly for present purposes, Shopnomix advanced the waiver argument on the record before the Court ruled. Reconsideration therefore would not correct an issue the Court failed to consider.

Finally, the nature of the July 20, 2026 Order further militates against reconsideration. The subpoena was quashed without prejudice to Shopnomix serving a new subpoena that complies with Rule 45. Thus, the ruling does not foreclose Shopnomix from obtaining otherwise permissible discovery from Monay. It simply requires Shopnomix to pursue that discovery through a subpoena directed to an appropriate place of compliance. Under those circumstances, the Court is not persuaded that adherence to the prior ruling produces manifest injustice. Accordingly, Shopnomix has not shown that the Court overlooked facts, made a clear error, or that manifest injustice would result from the prior Order. Its motion, therefore, is insufficient to disturb the prior ruling. No extraordinary remedy is warranted.

**CONCLUSION**

For the foregoing reasons, Shopnomix's motion for reconsideration is DENIED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 50.**

**SO ORDERED.**

DATED: New York, New York
August 11, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge